UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THURMAN PAUL as the Administrator of the Estate of CEDRIC A. PAUL, deceased and DONTE GARDNER, individually<br><br>Plaintiff(s),<br><br>vs.<br><br>Evanston Police Officers JOHN DOE, JOHN ROE, JOHN POE, and JOHN LOE, and the CITY OF EVANSTON; Employees of Albany Care Center JOHN MOE, JOHN KOE, JOHN BOE, and DENNIS TOSSI, and ALBANY CARE CENTER; JOHN FOE and JOHN NOE, and COMED TRANSPORT, Inc., an Illinois corporation,<br><br>Defendant(s). | NO: **01C 1925**<br><br>JUDGE JUDGE ALESIA DOCKETED<br>MAR 2 1 2001<br><br>JURY DEMANDED<br>MAGISTRATE JUDGE ASHMAN<br><br>FILED-ED<br>01 MAR 20 PM 2:16<br>CLERK<br>U.S. DISTRICT COURT |

## COMPLAINT

1.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2.  Plaintiff Thurman Paul sues as the Administrator of the Estate of Cedric Paul. Plaintiff Donte Gardner sues on his own behalf. Thurman Paul is the natural brother of Cedric Paul. Donte Gardner is the natural son of Cedric Paul.

1

3.  Cedric Paul was, at the time of his death, a 37 year old African American man, a citizen of the United States and a resident of the City of Evanston.

4.  Police Officers John Doe, Roe, Poe, and Loe, whose identities are presently unknown, were employed by the City of Evanston. All defendants were at all times relevant to this Complaint, acting within the scope of their employment and under color of law. All defendants are being sued individually.

5.  Defendant City of Evanston is a municipal corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of Defendants John Doe, Roe, Poe, and Loe, presently unknown police officers.

6.  John Moe, Koe, Boe, whose identities are presently unknown and Administrator Dennis Tossi, were employees of Albany Care Center. At all times relevant to this Complaint, they were acting within the scope of their employment.

7.  Defendant Albany Care Center is a corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of John Moe, Koe, Boe, and Dennis Tossi.

8.  Defendants John Foe and Noe were employees of CoMed Transport. At all times relevant to this Complaint, they were acting within the scope of their employment.

9.  Defendant CoMed Transport is a corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of John Foe and Noe, presently unknown employees.

## FACTS

10. Cedric Paul resided at the mental health care facility, Albany Care Center, in Evanston, Illinois.

11. On July 13, 2000, Mr. Paul bought a radio from another resident for five  dollars and later discovered that the radio did not work.  Mr. Paul went to Administrator Dennis Tossi for help and Tossi refused.

12. Instead, Tossi summoned his employees John Moe, Koe and Boe and called the Evanston Police Department and CoMed to transport Mr. Paul to the hospital.

13. No one tried to resolve the dispute for Mr. Paul. Officers John Doe, Roe, Poe, and Loe, Paramedics John Foe and Noe, and Albany staff employees John Moe, Koe, and Boe blatantly disregarded the situation and all wrestled Mr. Paul to the ground.  Mr. Paul was placed in a choke hold.

14. As a result, Mr. Paul's wind pipe was broken and he was transported to Saint Francis Hospital where he was pronounced dead at 7:20 P.M.

## COUNT I
### (42 U.S.C. sec. 1983 Excessive Force)

1-14. Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

15. The unjustified excessive force used by Evanston Police Officers John Doe, Roe, Poe and Loe was the direct and proximate cause of Plaintiff's death.  These acts by

all of the Evanston Police Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures; and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands $1,000,000 in compensatory damages against these Defendants because these Defendants acted maliciously, willfully and/or wantonly, $50,000 in punitive damages against Defendants, plus costs, attorneys' fee, and such other additional relief as this Court deems equitable and just.

### COUNT II
### (42 U.S.C. Section 1983 Conspiracy)

1-14. Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

15. Defendant Dennis Tossi summoned employees John Moe, Koe and Boe to determine how to handle situation. Tossi and the employees decided to call CoMed to transport Mr. Paul to the hospital for a psychiatric evaluation. The Evanston Police were also called to intervene in the matter.

16. Defendant Officers John Doe, Roe, Poe and Loe, Comed Transport employees John Foe and Noe, and Albany Care employees John Moe, Koe, Boe and Dennis Tossi reached an understanding and agreement that Mr. Paul should be restrained and transported to the hospital.

17. Defendant Officers John Doe, Roe, Poe and Loe and CoMed Transport employees John Foe and Noe forced Mr. Paul

into a choke hold and crushed his windpipe. The defendants course of conduct caused Mr. Paul's death.

18. Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Cedric Paul of his rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

19. Additionally, said conspiracy/joint action violated Cedric Paul's Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his death.

20. Acting in furtherance of this plan and conspiracy, all of the Defendants committed overt acts, including, but not limited to the unjustifiable seizure as more fully alleged in paragraphs 1-14. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused the death of Cedric Paul.

WHEREFORE, the Plaintiff demands $1,000,000 in compensatory damages against all Defendants, and because all Defendants acted maliciously, willfully and/or wantonly, $35,000 in punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

## COUNT III
### (42 U.S.C.1983 - Donte Gardner's Loss of Society)

1-14. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

15. The acts of defendants, as alleged above, and the resultant death of his father, Cedric Paul, violated and deprived the Fourteenth Amendment right and liberty interest of Donte Gardner in the continued society and companionship of his father.

16. Defendants' acts were the direct and proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, the Plaintiff, seeks $100,000 in compensatory damages against the Defendants to be compensated for injuries caused by their willful, wantonly, and unconstitutional acts; $50,000 in punitive damages against each Defendant; attorney's fees and costs; and any additional relief this Court deems just and equitable.

## COUNT IV
### (Liability of Albany Care Center Under
### Doctrine of Negligent Undertaking to Render Services)

1-14. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

15. Defendant Albany Care Center undertook, for consideration, the duty to render services of convalescent care to Cedric Paul.

16. In rendering these services, Albany Care Center employees John Moe, Koe and Boe and Administrator Dennis Tossi failed to exercise reasonable care as necessary for the protection of Cedric Paul.

17. The failure of the Albany Care employees to exercise reasonable care increased the risk of harm to Cedric Paul.

18. Cedric Paul suffered harm because he relied on the duty of Albany Care Center to exercise reasonable care in the rendering of services.

WHEREFORE, Plaintiff Donte Gardner demands compensatory damages in excess of $50,000 against the defendants, the costs of this action, and such other relief as this court deems just and equitable.

**COUNT V**

**(Liability of Comed Under**

**Doctrine of Negligent Undertaking to Render Services)**

1-14. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

15. Defendant Comed voluntarily undertook the duty to render services of medical transport for Cedric Paul.

16. In rendering these services, unknown Comed John Foe and John Noe failed to exercise reasonable care as necessary for the protection of Cedric Paul.

17. The failure of the Comed employees to exercise reasonable care increased the risk of harm to Cedric Paul.

18. Cedric Paul suffered harm because he relied on the duty of Comed to exercise reasonable care in the rendering of services.

WHEREFORE, Plaintiff Donte Gardner demands compensatory damages in excess of $50,000 against the defendants, the costs of this action, and such other relief as this court deems just and equitable.

## COUNT VI

**(Wrongful Death Claim Under Illinois Law Against Defendants)**

1-14. Plaintiffs allege and reallege paragraphs 1
through 14 as though fully set forth herein.

15. Decedent was and is survived by one Adult son.

16. Decedent Cedric Paul was officially pronounced dead on
July 13, 2000 at Saint Francis Hospital in Evanston,
Illinois.

17. Donte Gardner, beneficiary and next of kin of Cedric
Paul, exercised due care at all times material to this
complaint.

18. The wrongful death due to the negligent misconduct of
the Defendants, proximately caused the injury and death
of Decedent Cedric Paul, in violation of Ill. Rev.
Stat. Ch.70, Sec. 1,2.

19. Each and every next of kin, as named in or referred to
in paragraph 19 has lost and will continue to lose
pecuniary support as a proximate result of the wrongful
death of Cedric Paul.

WHEREFORE, Plaintiff Donte Gardner demands compensatory
damages in excess of $50,000 against the defendants, the
costs of this action, and such other relief as this court
deems just and equitable.

## COUNT VII
**(State Claim for Respondeat Superior)**

1-14. Plaintiff realleges paragraph 1 through 14 as though
fully set forth herein.

15. The City of Evanston, was at all times relevant to the
Plaintiff's claim, the employer of presently unknown
police officers, who were acting within the scope of

their employment as Evanston Police Officers when they used excessive force against the Plaintiff.

16. The Defendant City of Evanston as principal is liable for the actions of its agents under the doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff demands $100,000 in actual and compensatory damages against the defendant City of Evanston, the costs of this action, and such other relief as this Court deems just and equitable.

## COUNT VIII

### (Respondeat Superior Claim CoMed Transport)

1-14. Plaintiff realleges paragraph 1 through 14 as though fully set forth herein.

15. CoMed Transport, was at all times relevant to the Plaintiff's claim, the employer of presently unknown employees, John Foe and John Noe, who were acting within the scope of their employment as CoMed Paramedics when they provided negligent assistance to Mr. Paul.

16. The Defendant CoMed Transport as principal is liable for the actions of its agents under the doctrine of respondeat superior.

WHEREFORE, the Plaintiff demands $100,000 in actual and compensatory damages against the defendant CoMed Transport, the costs of this action, and such other relief as this Court deems just and equitable.

## COUNT IX

### (Respondeat Superior Claim for Albany Care Center)

1-14. Plaintiff realleges paragraph 1 through 14 as though fully set forth herein.

15. Albany Care Center, was at all times relevant to the Plaintiff's claim, the employer of presently unknown employees, John Moe, John Koe, John Boe and Dennis Tossi, who were acting within the scope of their employment as Albany Care employees when they negligently failed to intervene in the situation.

16. The Defendant Albany Care Center as principal is liable for the actions of its agents under the doctrine of respondeat superior because employees John Moe, John Koe, John Boe and Dennis Tossi failed to reasonably mediate Mr. Paul's problem with another resident.

WHEREFORE, the Plaintiff demands $100,000 in actual and compensatory damages against the defendant Albany Care Center, the costs of this action, and such other relief as this Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated: *March 20, 2001*

Respectfully Submitted.

*Demitrus Evans*

Demitrus Evans
Attorney for Plaintiff

Law Office of Standish E. Willis
407 S. Dearborn
Suite 1395
Chicago, Illinois 60605
312-554-0005

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Thurman Paul, JUDGE ALESIA as the Administrator of the Estate of Cedric A. Paul, deceased and Donte Gardner, individually

**DEFENDANTS**

Officer John Doe, Roe, Poe and Loe; City of Evanston, Albany Care Center, Comed Transport

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE ASHMAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Standish E. Willis
407 S. Dearborn #1395
Chicago, Il 60605  312-554-0005

01C 1925

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 3 Federal Question (U.S. Government Not a Party)

## IV. ORIGIN

☒ 1 Original Proceeding

## VI. CAUSE OF ACTION

42 U.S.C. Section 1983 Civil Rights Cause of Action

## VII. REQUESTED IN COMPLAINT

JURY DEMAND: ☒ YES

## VIII.

☒ is not a refiling of a previously dismissed action.

DATE 3-20-01

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Thurman Paul,                              as the Administrator of the    **JUDGE ALESIA**
Estate of Cedric A. Paul, deceased and Donte Gardner, individually
v.
Officer John Doe, Roe, Poe and Loe, City of        Case Number:  **MAGISTRATE JUDGE ASHMAN**
Evanston, Albany Care Center, and Comed Transport

**01C 1925**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

THURMAN PAUL, as the Administrator of the Estate of Cedric A. Paul,

deceased and DONTE GARDNER individually

**DOCKETED**

MAR 21 2001

FILED 01 MAR 20 PM 2 16
CLERK U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE *Demetrus Evans* | SIGNATURE *Standish S. Willis* |
| NAME Demetrus Evans | NAME Standish E. Willis |
| FIRM Law Office of Standish E. Willis | FIRM Law Office of Standish E. Willis |
| STREET ADDRESS 407 S. Dearborn #1395 | STREET ADDRESS 407 S. Dearborn #1395 |
| CITY/STATE/ZIP Chicago, IL 60605 | CITY/STATE/ZIP Chicago, IL 60605 |
| TELEPHONE NUMBER 312-554-0005 | TELEPHONE NUMBER 312-554-0005 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☒  NO ☐ | MEMBER OF TRIAL BAR?  YES ☒  NO ☐ |
| TRIAL ATTORNEY?  YES ☒  NO ☐ | TRIAL ATTORNEY?  YES ☒  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |