UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN - 4 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| THURMAN PAUL as the Administrator of the Estate of CEDRIC A. PAUL, deceased and DONTE GARDNER, individually<br>Plaintiff(s),<br><br>vs.<br><br>CITY OF EVANSTON OFFICERS LARRY DAVIS, M. DOBROWOLSKI, BIONI, LEAKS, ALBANY CARE CENTER, RIDGELY COGHLAN, JOLYNN THILGES  LOUISE HULL, DIANNE RENEE LABAHN, KAREN MADDA, WILLIE CANGA, DENISE SCHNELLE, DENNIS TOSSI, CONSOLIDATED MEDICAL TRANSPORT,INC. (COMED) TRANSPORT AMBULANCE, Paramedics JAMES A. RODRIGUEZ and BRIAN Y. PEDROZA,<br><br>Defendant(s). | NO:01 C 1925<br><br>Judge Alesia<br><br>**JURY DEMANDED**<br><br>DOCKETED<br>JAN 1 1 2002 |

## FIRST AMENDED COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Thurman Paul sues as the Administrator of the Estate of Cedric Paul. Plaintiff Donte Gardner sues on his own behalf. Thurman Paul is the natural brother of Cedric Paul. Donte Gardner is the natural son of Cedric Paul.

1



3. Cedric Paul was, at the time of his death, a 37 year old African American man, a citizen of the United States and a resident of the City of Evanston.

4. Police Officers L. Davis #124, M. Dobrowolski #128, Bioni #256, and Leaks #224, were employed by the City of Evanston. All defendants were at all times relevant to this Complaint, acting within the scope of their employment and under color of law. All defendants are being sued individually.

5. Defendant City of Evanston is a municipal corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of Defendants Officers L. Davis, M. Dobrowoski, Bioni, and Leaks.

6. Defendant Albany Care Center is a corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of Coghlan, Hull, Labahn, Madda, Canga, Schnelle, Thilges, and Dennis Tossi.

7. Defendants Albany Care Center is a Corporation within the State of Illinois, and was, at all times relevant to this Complaint, the employer of Coghlan, Louise Hull, Dianne Renee Labahn, Schnelle, Karen, Madda, Willie Canga, Jolynn Thilges, and Dennis Tossi, all were acting within the scope of their employment.

8. Defendant James A. Rodriguez and Brian Y. Pedroza were employees of CoMed Transport. At all times relevant to this Complaint, they were acting within the scope of their employment.

9. Defendant Consolidated Medical Transport, Inc., (hereinafter "COMED Transport") is a corporation within the State Of Illinois, and was, at all times relevant to this Complaint, the employer of James A. Rodriquesz and Brian Y. Pedroza.

## FACTS

10. Cedric Paul resided at the mental health care facility, Albany Care Center (hereinafter) "Albany", in Evanston, Illinois.

11. Albany maintained, during all times relevant to this action, a policy, reffered to as "code yellow" "to provide a safe and therapeutic environment." According to this policy, Albany employees or agents were instructed to use non-physical interventions to redirect a resident experiencing agitation and agressive behavior. Albany's policy further instructs that physical interventions may only be implemented if all non-physical interventions have failed and the risk of danger to resident or others is great.

12. On July 13, 2000, Mr. Paul sought assistance regarding a radio dispute from Albany employees including, Karen Madda, Louise Hull, Willie Canga, Ridgley Coghlan, and other Albany employees, but no assistance was provided.

13. Instead of providing assistance to Paul, at approximately 4:10-4:15p.m., a "code yellow" was called summoning Albany employees to the seventh floor to calm Paul.

14. At approximately 4:30p.m., Albany employees administered a shot of Ativan to calm Mr. Paul. Shortly after receiving the Ativan, Paul did calm down and complied with directions by Albany employees, to sit in the day room.

15. Although Paul had been calm and no longer agitated for over two-hours, defendants Tossi directed Coghlan, Thilges, Hill, Labahn, Madda, Conga and Schnelle Albany employees, alone with COMED agents, Rodriquez and Pedroza, and Evanston police officers Davis, Dobrowolski, Biondi and Leaks, converged on the Seventh floor and advised Paul that they were committing him to the hospital.

16. When the paramedics and police arrived at approximately 6:40 p.m., Paul was sitting quietly in the day room until approached about being committed at which time he again explained his radio situation. Officers L. Davis, M. Dobrolski, Biondi, and Leaks, Paramedics James A. Rodriquez and Brian Y. Pedroza and Albany staff employees Hull, Tossi, Madda, Labahn, Coghlan, Schnelle, Canga and Thilges, all of whom blatantly disregarded the fact that Paul had been calm for over two-hours, encouraged police and paramedics to wrestle Mr. Paul to the ground.

17. Mr. Paul was then placed in a choke hold by Defendant Officer Davis with help from Defendant Officers M. Dobrolski, Biondi, Leaks and paramedics James A. Rodriguez and Brian Y. Pedroz.

18. As a result, Mr. Paul's wind pipe was broken. He was subsequently transported to Saint Francis Hospital where he was pronounced dead at 7:20 p.m.

## COUNT I
### (42 U.S.C. sec. 1983 Excessive Force)

1-18 Plaintiff realleges paragraphs 1 through 18 above as though fully set forth herein.

19. The unjustified excessive force used by Evanston Police Officers Davis, M. Dobrolski, Biondi, and Leaks was the direct and proximate cause of Plaintiff's death. These acts by all of the Evanston Police Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures; and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands $1,000,000 in compensatory damages against these Defendants because these Defendants acted maliciously, willfully and/or wantonly, $50,000 in punitive damages against Defendants, plus costs, attorneys' fee, and such other additional relief as this Court deems equitable and just.

## COUNT II
### (42 U.S.C. Section 1983 Conspiracy)

1-18. Plaintiff realleges paragraphs 1 through 18 above as though fully set forth herein.

19. Defendant Dianne Renee Labahn summoned employees Louise Hull, Ridgely. Coghlan, Jolynn Thilges, Karren Madda, Willie Canga, Denise Schnelle and contacted Administrator Dennis Tossi to determine how to handle the situation. Although Paul had been calm for over two-hours, Tossi and the other employees decided to call CoMed to transport Mr. Paul to the hospital. Albany Care Staff also called The Evanston Police to intervene in the matter.

20. Defendant Officers L. Davis, M. Dobrowlski, Biondi, Leaks, Comed Transport employees James A. Rodriquez and Brian Y. Pedroza, and Albany Care employees Dennis Tossi, Louise Hull, Dianne Renee Labahn, Coghlan, Madda, Canga, Schnelle and Jolynn Thilges reached an understanding and agreement that Mr. Paul should be restrained and transported to the hospital.

21. Defendant Officers L. Davis, M. Dobrowlski, Biondi, Leaks and CoMed Transport employees James A. Rodriquez and Brian Y. Pedroza forced Mr. Paul into a choke hold and crushed his windpipe. The defendants course of conduct caused Mr. Paul's death.

22. Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Cedric Paul of his rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

23. Additionally, said conspiracy/joint action violated Cedric Paul's Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his death.

24. Acting in furtherance of this plan and conspiracy, all of the Defendants committed overt acts, including, but not limited to the unjustifiable seizure as more fully alleged in paragraphs 1-18. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused the death of Cedric Paul.

WHEREFORE, the Plaintiff demands $1,000,000 in compensatory damages against all Defendants, and because all Defendants acted maliciously, willfully and/or wantonly, $35,000 in punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

### COUNT III
**(42 U.S.C.1983 - Donte Gardner's Loss of Society)**

1-18. Plaintiff realleges paragraphs 1 through 18 as though fully set forth herein.

19. The acts of defendants, as alleged above, and the resultant death of his father, Cedric Paul, violated and deprived the Fourteenth Amendment right and liberty interest of Donte Gardner in the continued society and companionship of his father.

20. Defendants' acts were the direct and proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, the Plaintiff, seeks $1,000,000 in compensatory damages against the Defendants to be compensated for injuries caused by their intentions willful, wantonly, and unconstitutional acts; $50,000 in punitive damages against each Defendant; attorney's fees and costs; and any additional relief this Court deems just and equitable.

## COUNT IV

### (Liability of Albany Care Center Under Doctrine of Negligent Undertaking to Render Services And Wrongful Death)

1-18. Plaintiff realleges paragraphs 1 through 18 as though fully set forth herein.

19. Defendant Albany Care Center undertook, for consideration, the duty to render services of convalescent care to Cedric Paul.

20. In rendering these services, Albany Care Center employees Louise Hull, Dianne Renee Labahn, Coghlan, Madda, Canga, Schnelle and Jolynn Thilges and Administrator Dennis Tossi failed to exercise reasonable care as necessary for the protection of Cedric Paul.

21. Moreover, Albany failed to follow its own policy of not engaging in physical intervention against non-aggressive or agitated residents.

22. The failure of the Albany Care employees to exercise reasonable care increased the risk of harm to Cedric Paul.

23. Cedric Paul suffered harm because he relied on the duty of Albany Care Center to exercise reasonable care in the rendering of services.

WHEREFORE, Plaintiff Donte Gardner demands compensatory damages in excess of $50,000 against the defendants, the costs of this action, and such other relief as this court deems just and equitable.

## COUNT V

### (Liability of CoMed Under

### Doctrine of Negligent Undertaking to Render Services And Wrongful Death )

1-18. Plaintiff realleges paragraphs 1 through 18 as though fully set forth herein.

19. Defendant Comed voluntarily undertook the duty to render services of medical transport for Cedric Paul.

20. In rendering these services, unknown CoMed Brian Y. Pedroza and James A. Rodriguez failed to exercise reasonable care as necessary for the protection of Cedric Paul.

21. The failure of the CoMed employees to exercise reasonable care increased the risk of harm to Cedric Paul.

22. Cedric Paul suffered harm because he relied on the duty of CoMed to exercise reasonable care in the rendering of services.

WHEREFORE, Plaintiff Donte Gardner demands compensatory damages in excess of $50,000 against the defendants, the costs of this action, and such other relief as this court deems just and equitable.

### COUNT VI

### (Wrongful Death Claim Under Illinois Law Against Defendants)

1-18 Plaintiffs allege and reallege paragraphs 1 through 18 as though fully set forth herein.

19. Decedent was and is survived by one Adult son.

20. Decedent Cedric Paul was officially pronounced dead on July 13, 2000 at Saint Francis Hospital in Evanston, Illinois.

21. Donte Gardner, beneficiary and next of kin of Cedric Paul, exercised due care at all times material to this complaint.

22. The wrongful death due to the negligent and or willful and wanton misconduct of the Defendants, proximately caused the injury and death of Decedent Cedric Paul, in violation of Ill. Rev. Stat. Ch.70, Sec. 1,2.

23. Each and every next of kin, as named in or referred to in paragraph 19 has lost and will continue to lose pecuniary support as a proximate result of the wrongful death of Cedric Paul.

WHEREFORE, Plaintiff Donte Gardner demands compensatory damages in excess of $50,000 against the defendants, the costs of this action, and such other relief as this court deems just and equitable.

## COUNT VII
### (State Claim for Respondeat Superior)

1-18. Plaintiff realleges paragraph 1 through 18 as though fully set forth herein.

19. The City of Evanston, was at all times relevant to the Plaintiff's claim, the employer of officers, Larry Davis, M. Dobrowlski, Biondi, and Leaks who were acting within the scope of their employment as Evanston Police Officers when they used excessive force against the Plaintiff.

20. The Defendant City of Evanston as principal is liable for the willful and wanton actions of its agents under the doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff demands in excess of $100,000 in actual and compensatory damages against the defendant City of Evanston, the costs of this action, and such other relief as this Court deems just and equitable.

## COUNT VIII
### (Respondeat Superior Claim CoMed Transport)

1-18. Plaintiff realleges paragraph 1 through 18 as though fully set forth herein.

19. CoMed Transport, was at all times relevant to the Plaintiff's claim, the employer of presently unknown employees, Brian Y. Pedroza and James A. Rodriguez, who were acting within the scope of their employment as CoMed Paramedics when they provided negligent assistance to Mr. Paul.

20. The Defendant CoMed Transport as principal is liable for the negligent actions of its agents under the doctrine of respondeat superior.

WHEREFORE, the Plaintiff demands in excess of $100,000 in actual and compensatory damages against the defendant CoMed Transport, the costs of this action, and such other relief as this Court deems just and equitable.

## COUNT IX

### (Respondeat Superior Claim for Albany Care Center)

1-18. Plaintiff realleges paragraph 1 through 18 as though fully set forth herein.

19. Albany Care Center, was at all times relevant to the Plaintiff's claim, the employer of presently unknown employees, Dennis Tossi, Karen Madda, Denise Schnelle, Louise Hull, Ridgely W. Coghlan, and Jolynn Thilges who were acting within the scope of their employment as Albany Care employees when they violated their policy of non-intervention and caused the Evanston Police and the Comed employees to attack Paul causing his death.

20. The Defendant Albany Care Center as principal is liable for the actions of its agents under the doctrine of respondeat superior because employees Louise Hull, Ridgely W. Coghlan, Jolynn Thilges, Madda, Schnelle, Labahn and Dennis Tossi beached it, duty to care for Mr. Paul by violating its non-intervention policy, thereby, causing Evanston Police and CoMed employees to attack Mr. Paul.

WHEREFORE, the Plaintiff demands in excess of $100,000 in actual and compensatory damages against the defendant Albany Care Center, the costs of this action, and such other relief as this Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Dated:                                                    Respectfully Submitted.

                                                          *Demitrus Evans*
                                                          Demitrus Evans
                                                          Attorney for Plaintiff

Law Office of Standish E. Willis
407 S. Dearborn Street-Suite 1395
Chicago, Illinois 60605
312-554-0005